**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 20-299-1** |
| | : | |
| **WILLIAM MACK** | : | |

<u>**MEMORANDUM**</u>

**Marston, J.**                                                **February 2, 2023**

Before the Court is Defendant William Mack's January 25, 2023 motion for an extension

of the deadline for filing a § 2255 Motion.  (*See* Doc. No. 107.)  For the reasons discussed below,

that motion is denied.

**I.      BACKGROUND**

**A.      Guilty Plea and Sentencing**

On September 9, 2020, a federal grand jury returned an indictment charging Defendant

William Mack with distribution of 5 grams or more of methamphetamine in violation of 21

U.S.C. § 841(a)(1), (b)(1)(B), and distribution of 50 grams or more of methamphetamine in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.  (*See* Doc. Nos. 1, 74–75.)  On

September 13, 2021, Defendant William Mack pled guilty to those charges pursuant to a plea

agreement.  (*See* Doc. No. 75.)  On February 23, 2022, after a sentencing hearing, the Court

sentenced him to 151 months' imprisonment, 5 years' supervised release, and a $200 special

assessment.  (*See* Doc. No. 95.)  At the plea hearing and sentencing, Defendant was represented

by a private defense attorney, Tariq Karim El-Shabazz, Esq.

Because Defendant did not file a direct appeal, his judgment became final on March 9,

2022—or 14 days after judgment was entered.  *United States v. Gordon*, Crim. No. 09-020-1,

2014 WL 5502817, at *1 (D.N.J. Oct. 28, 2014) ("As defendant did not file a direct appeal from

his judgment and conviction, his judgment became final for § 2255 purposes fourteen days after the judgment was entered on September 19, 2011."). That means his § 2255 motion is due on March 9, 2023. *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final.").

### B.    Letters Requesting Sentencing Transcript and Equitable Tolling

Less than four months later, on June 27, 2022, Defendant mailed a *pro se* letter to the Court, requesting a copy of his sentencing transcript at no cost because he was "an indigent inmate." On July 6, 2022, the Court forwarded a copy of the letter to defense counsel and asked him to assist Defendant in obtaining a copy of his transcript.

On December 6, 2022, Defendant sent a second letter to the Court, again asking for a free copy of his sentencing transcript and describing himself as an "indigent inmate." (Doc. No. 103 (labeling the letter as his "SECOND REQUEST").) Defendant did not, in either letter, explain why he should be viewed as indigent, seek leave to proceed *in forma pauperis*, or submit evidence of his financial situation. Nevertheless, the Court granted his request for a transcript at no cost on December 19, 2022. (Doc. No. 104.) And on January 30, 2023, the Clerk filed a Notice of Filing of Official Transcript. (*Id.*) The transcript is now available for purchase through the Office of the Clerk of Court. (*Id.*)

On January 25, 2023, Defendant sent a third letter to the Court, this time requesting an "extension of 30-90 days" of the deadline for filing a § 2255 motion because his sentencing transcript "will not arrive in time" for him to make the deadline.[1] (Doc. No. 107 at 1.) He also

---

[1] Defendant states that the deadline for filing a § 2255 motion is February 23, 2023, which is one year after judgment was entered in this case. (Doc. No. 107 at 1.) However, as stated above, the deadline is actually March 9, 2023, which is one year after his judgment became final.

requests a copy of the Court's § 2255 form packet.  (*Id.* ("P.S. I also need the packet for the § 2255 motion.").)

## II.    DISCUSSION

The Court addresses Defendant's requests for a copy of his sentencing transcript at no cost, before turning to his extension motion.

### A.    Right to a Transcript at No Cost

As stated above, in December 2022, the Court granted Defendant's request for a copy of his sentencing transcript at no costs, even though Defendant failed to request in forma pauperis status or to put forth evidence showing financial need.  This ruling was in error and must be vacated.  *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis*, shall be paid by the United States out of moneys appropriated for those purposes."); *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 600 (3d Cir. 1989) ("By its express terms, section 753(f) allows litigants to receive transcripts at public expense only if they are proceeding *in forma pauperis*, regardless of whether their case involves criminal, habeas, section 2255, or 'other' proceedings.") (emphasis added); *cf. Schaeffer v. Consoli*, No. 91-CV-4274, 1991 WL 155290, at *1 (E.D. Pa. July 31, 1991) ("A request for a trial transcript is not a matter of right unless an individual is pursuing a direct appeal of his criminal conviction.  If a plaintiff is seeking these transcripts for a collateral attack on his conviction, he must demonstrate need.").

To the extent Plaintiff seeks a copy of his sentencing transcript, he must either demonstrate he is entitled to proceed in forma pauperis or purchase a copy of the transcript

through the Office of the Clerk of Court.[2]

    **B.**    **Equitable Tolling of § 2255 Deadline**

Next, the Court turns to Defendant's motion for an extension of the deadline for filing a § 2255 motion.

As the District Court responsible for sentencing Defendant, we have "jurisdiction to rule on [a] motion for an extension of time to file a § 2255 motion," even before a substantive request for habeas relief is made. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Under "the doctrine of equitable tolling," a defendant may submit an untimely habeas filing only in "extraordinary situations." *Id.* (quotation marks omitted). "Courts should grant a motion for an extension of time to file a § 2255 motions sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). "[E]quity permits extending the statutory time limit when a defendant shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.*; *see also Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (explaining that equitable tolling is appropriate when: (1) the petitioner has been "actively misled" (2) the petitioner has "in some extraordinary way been prevented from asserting his rights," and (3) the petitioner has "timely asserted his rights mistakenly in the wrong forum").

Here, Defendant cannot show that "extraordinary circumstances" prevent him from filing a timely § 2255 motion. The Court understands Plaintiff's frustration over the difficulties he encountered acquiring a copy of his sentencing transcript. But even if Defendant were entitled to a free transcript, "[t]he delay in the receipt of free transcripts . . . is not an 'extraordinary

---

[2] As discussed below, if Defendant chooses to file a motion to proceed in forma pauperis, he should be mindful that it will not alter his deadline for moving under § 2255.

circumstance' justifying equitable tolling of the limitations period established by the AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996]." *Fadayiro v. United States*, 30 F. Supp. 2d 772, 780 (D.N.J. 1998); *see also, e.g.*, *Austin v. Carroll*, 2004 WL 1949542, at *1 (D. Del. Aug. 26, 2004) ("As an initial matter a habeas petitioner is not required to file a state court record or trial transcript when filing a habeas petition.  Likewise, the inability to obtain a free trial transcript, standing alone, does not constitute an extraordinary circumstance warranting equitable tolling.") (citations omitted); *United States v. Agubata*, No. CIV. HNM–97–3629, CRIM. MJG–94–0037, 1998 WL 404303, at *3 (D. Md. July 9, 1998) ("[The defendant's] difficulty in obtaining the transcripts is not an 'extraordinary circumstance' that justifies tolling the period of limitation because a prisoner is not entitled to transcripts for the purpose of preparing a motion under 28 U.S.C. § 2255."). *Contra. Simpson v. Wetzel*, CIVIL ACTION No. 15-4510, 2016 WL 6432905, at *2 (E.D. Pa. Oct. 28 2016) ("As to extraordinary circumstances, the Court acknowledges that its own orders contribute to the creation of such circumstances in this case . . . .  Respondents fail to acknowledge the Court's orders granting extensions to Mr. Simpson, let alone their failure to object to those extensions until well after the statute of limitations expired, in their initial briefing.").

Therefore, Defendant is not entitled to the benefit of equitable tolling for this period.  His § 2255 motion is due by March 9, 2023.

## III.   CONCLUSION

For the reasons discussed above, the Court vacates its December 19, 2022 Order (Doc. No. 104) granting Defendant's request for a copy of his sentencing transcript at no cost. Defendant's motion for an extension of the time to file a § 2255 motion is denied.  An appropriate order follows.