# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 20-299-1** |
| : | |
| **WILLIAM MACK** : | |

## ORDER

**AND NOW** this 24th day of January, 2024, upon consideration of Petitioner William Mack's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Doc. Nos. 110, 112, 117), and the Government's opposition brief (Doc. No. 118), it is **ORDERED** as follows:

1. The Motion (Doc. Nos. 110, 112, and 117) is **DENIED.**

2. There is no probable cause to issue a certificate of appealability.[1]

3. The Clerk of Court shall mark this matter **CLOSED.**

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

**KAREN SPENCER MARSTON, J.**

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").